464-08/WJP
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant A.P. Moller-Maersk A/S
80 Pine Street
New York, New York 10005
William J. Pallas (WP6201)
Tel: 212 425 1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CONTAINER WORLD FORWARDING
SERVICES, INC.,

                Plaintiff

Against

M/V RANGE, her engines, boilers, etc., and
A.P. MOLLER-MAERSK A/S,

                Defendant.
-------------------------------------------------------------x

08 Civ. 02928

**ANSWER TO**
**COMPLAINT**

      Defendant, A.P. MOLLER-MAERSK (hereinafter referred to as "MAERSK" or "Defendant") by its attorneys, FREEHILL, HOGAN & MAHAR LLP, responding to the Complaint, alleges upon information and belief as follows:

1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of this Court, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint.

NYDOCS1/310470.1

3. Admits that Defendant is a foreign corporation existing under and by virtue of the laws of a foreign country, and that Defendant was at all times acting in the capacity of common carrier and was a charterer of the M/V RANGE, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Admits that the M/V RANGE at all relevant times was employed in the common carriage of merchandise by water for hire, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 5 of the Complaint.

6. Admits that a containerized shipment said to contain cases of wine was delivered to Defendant at Cape Town, South Africa for ocean carriage in consideration of an agreed freight in accordance with the terms and conditions of the applicable bill of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Admits that the subject container was loaded aboard the vessel and carried pursuant to the terms and conditions of the applicable bill of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.  Admits that the subject vessel arrived at the port of discharge and that the subject containerized shipment was delivered in accordance with the terms and conditions of the applicable bill of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.  Denies the allegations set forth in Paragraph 9 of the Complaint.

10. Admits that plaintiff has made a claim for damages, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 10 of the Complaint.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

12. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a

cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

13. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which the Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

14. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendant, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

15. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the

Defendant, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

16. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

### SEVENTH AFFIRMATIVE DEFENSE

17. The Plaintiff is not the real party in interest to this suit.

### EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to give timely notice of this claim. The claim is time barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

19. Any liability of the , which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

20. The Court lacks *in personam* jurisdiction over the Defendant.

ELEVENTH AFFIRMATIVE DEFENSE

21. This litigation must be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

WHEREFORE, Defendant, A.P. MOLLER-MAERSK A/S, prays that a decree be entered dismissing the Amended Complaint herein and that they be awarded all costs, expenses and attorney's fees incurred in connection with the defense of this action, and that this Court grant said Defendant such other and different relief as this Court may deem just and proper.

Dated: New York, New York
August 12, 2008.

                                                  FREEHILL, HOGAN & MAHAR LLP
                                                  Attorneys for Defendant
                                                  A.P. MOLLER-MAERSK A/S

                                  By: _____
                                       William J. Pallas (WP 6201)
                                       80 Pine Street, 24th Floor
                                       New York, NY 10005-1759
                                       (212) 425-1900

TO: Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Attention: Martin F. Casey, Esq.